# EXHIBIT 1

## SETTLEMENT AGREEMENT

## THOMPSON et. al v CITY OF FLINT et. al,

### CASE NUMBER: 07-cv-11107

1.       The parties to this preliminary Settlement Agreement are plaintiffs, and defendants City of Flint, Gary Hagler, Flint police officers, Genesee County, Genesee County Sheriff Robert Pickell ("Sheriff"), and Mike Wolosuk ("Mt. Morris Township/Wolosuk"). Counsel for plaintiffs is authorized to sign this agreement on behalf of all plaintiffs subject to the terms and conditions set forth below.

2.       Counsel for the parties, with assistance of mediator Pamela Harwood, entered into a Tentative Settlement Agreement on June 10, 2009, *Exhibit 1*.

3.       Counsel for City of Flint and Genesee County represent that their respective governmental entities have approved the settlement and the governmental entities and individual defendants are prepared to move forward with final settlement.

4.       The plaintiffs and City of Flint have agreed on equitable relief which is memorialized in a document entitled *"Thompson, et al. vs. City of Flint et al., Terms of Equitable Relief dated October 21, 2009."Exhibit 2*.  *Exhibit 2* is incorporated by reference into this agreement.

5.       A breach of the *Terms of Equitable Relief* or a breach of any term of this agreement may be enforced by any party by bringing a separate enforcement action for breach of this Settlement Agreement or by filing a motion before the Honorable Stephen Murphy III for enforcement of the Agreement.  The party establishing a breach of this Agreement shall be entitled to damages, equitable relief, costs and attorney fees as determined by Judge Murphy or, in the case of a separate enforcement action, the Presiding Judge.

6.    The City of Flint and its insurer will pay to the firm of Pitt, McGehee, Palmer, Rivers, and Golden, P.C. ("Firm") the sum of $800,000 by a date agreed to by the parties in trust for the plaintiffs and other qualified class members. Genesee County, and the Sheriff will pay to the Firm the aggregate amount of $95,000 by a date agreed to by the parties. Mt. Morris Township/Wolosuk will pay to the Firm the amount of $5,000 by a date agreed to by the parties. The Firm will hold the $900,000 in funds in a separate interest bearing trust account until all funds are disbursed in accordance with the order of the Court. The Firm will be responsible for all income tax reporting obligations.

7.    Every plaintiff will sign a document to be prepared by defense counsel, releasing each plaintiff's claims against defendants. The proposed release agreements are attached to this Agreement, and have been approved by plaintiffs' attorneys. *Exhibit 3.*

8.    The Firm will provide counsel and the Court with a final accounting within 30 days of the last disbursement.

9.    In the event there is a delay in disbursement because of objections to the class settlement or appeals and disbursement cannot be made by May 1, 2010, all funds and accrued interest will be returned to the party who deposited the funds. The Firm will indemnify and hold harmless the payers of these funds in the event of loss caused by the negligence or intentional conduct of the Firm or its agents and employees.

10.    As soon as this preliminary Agreement is executed by all parties, plaintiffs' counsel will file a motion and supporting brief for class certification, appointment of Jennifer Thompson as class representative, order approving class settlement and notice, motion for approval of attorney fees and motion for scheduling first fairness hearing. Counsel for defendants will be given an opportunity to review the pleadings before they are

filed. Defendants dispute many of the factual allegations and legal claims asserted by the plaintiffs in support of their request for class certification. However, defendants waive all objections to plaintiffs' request for class certification, so long as the class is only being certified for the purpose of distributing the proceeds of the settlement, and is contingent upon the successful completion of the settlement process. If for any reason the case does not settle, but the class has been certified, plaintiffs stipulate to have the class decertified, so that the parties are returned to the position they were in before the class was certified, including the dismissal of any additional plaintiffs that may have been added when the class was certified. Defendants take no position regarding how the settlement proceeds are to be allocated and distributed.

11.    This settlement is not binding on the parties until the court issues an order certifying this case as a class action and approves the settlement at the First Fairness Hearing.

12.    Defendants and their attorneys will not oppose plaintiffs' counsels' request for an order approving attorney fees and costs provided counsels' request for fees does not exceed 33% of the net recovery to plaintiffs and class members.

13.    As soon as the Court approves the final allocation of proceeds at the Second Fairness Hearing, the parties will file with the Court the approved stipulation for entry of an order of dismissal with prejudice. *Exhibit 4.*

**Signed and Agreed to by:**

10/30/09

Date

Michael L. Pitt
Pitt McGehee Palmer Rivers & Golden, PC
ACLU of Michigan Cooperating Attorney
Attorney for the Plaintiffs


H. William Reising                                    Date
Plunkett & Cooney, P.C.
Attorney for Genesee County, Sheriff Pickell
and Defendant Genesee County Deputies


Michael W. Edmunds                                    Date
Garan Lucow Miller, P.C.
Attorney for Defendant Flint Police Officers


Daniel A. Klemptner                                   Date
Johnson Rosati Labarge Aseltyne & Field
Attorney for Defendants City of Flint
   and Gary Hagler


D. Randall Gilmer                                     Date
Kupelian Ormond & Magy, P.C.
Attorney for Defendant Michael Wolosuk

-4-

Michael L. Pitt                                          Date
Pitt McGehee Palmer Rivers & Golden, PC
ACLU of Michigan Cooperating Attorney
Attorney for the Plaintiffs


H. William Reising                                       10/28/09
Plunkett & Cooney, P.C.                                  Date
Attorney for Genesee County, Sheriff Pickell
and Defendant Genesee County Deputies


Michael W. Edmunds                                       Date
Garan Lucow Miller, P.C.
Attorney for Defendant Flint Police Officers


Daniel A. Klemptner                                      Date
Johnson Rosati Labarge Aseltyne & Field
Attorney for Defendants City of Flint
  and Gary Hagler


D. Randall Gilmer                                        Date
Kupellan Ormond & Magy, P.C.
Attorney for Defendant Michael Wolosuk

-4-

Michael L. Pitt                                        Date
Pitt McGehee Palmer Rivers & Golden, PC
ACLU of Michigan Cooperating Attorney
Attorney for the Plaintiffs


H. William Reising                                     Date
Plunkett & Cooney, P.C.
Attorney for Genesee County, Sheriff Pickell
and Defendant Genesee County Deputies


Michael W. Edmunds                                     10/27/2005
Garan Lucow Miller, P.C.                               Date
Attorney for Defendant Flint Police Officers


Daniel A. Klemptner                                    Date
Johnson Rosati Labarge Aseltyne & Field
Attorney for Defendants City of Flint
   and Gary Hagler


D. Randall Gilmer                                      Date
Kupelian Ormond & Magy, P.C.
Attorney for Defendant Michael Wolosuk


-4-

_____          _____
Michael L. Pitt                          Date
Pitt McGehee Palmer Rivers & Golden, PC
ACLU of Michigan Cooperating Attorney
Attorney for the Plaintiffs


_____          _____
H. William Reising                       Date
Plunkett & Cooney, P.C.
Attorney for Genesee County, Sheriff Pickell
and Defendant Genesee County Deputies


_____          _____
Michael W. Edmunds                       Date
Garan Lucow Miller, P.C.
Attorney for Defendant Flint Police Officers


_____          _10/27/2009_____
Daniel A. Klemptner                      Date
Johnson Rosati Labarge Aseltyne & Field
Attorney for Defendants City of Flint
    and Gary Hagler


_____          _10/28/09_____
D. Randall Gilmer                        Date
Kupelian Ormond & Magy, P.C.
Attorney for Defendant Michael Wolosuk


-4-

# EX 1



LAW OFFICES
## Pamela R. Harwood, P.L.L.C.
901 Wilshire Drive, Suite 400
Troy, MI 48084
Telephone: 248-247-3328
Fax: 248-247-3330

Of Counsel
Hickey, Cianciolo, Fishman & Finn, P.C.

June 10, 2009

## SETTLEMENT AGREEMENT

Re:     Thompson, et al v City of Flint, et al

This case proceeded to facilitation and the parties agreed to the following:

1.     Subject to defendant City getting further approval by Monday, June 15, 2009; it is the intent of the parties to ask the court to certify a class action with a mandatory class and no opt-out;

2.     The City of Flint defendants shall pay $800,000 subject to City Council approval; the portion of this sum payable by insurance proceeds shall be made on or before September 15, 2009 contingent upon the City having paid their share of the sum;

3.     The City of Flint shall negotiate an agreement on the request for equitable relief; the case is not resolved until agreement is reached;

4.     The Genesee County defendants and defendant Wolosuk shall pay a total of $100,000 subject to approval by the Board of Commissioners of the County and the Mt. Morris Township Board.

Michael Pitt, Attorney for Plaintiffs

Michael W. Edmunds, Attorney for City of Flint Officers

Daniel Klemptner, Attorney for City of Flint and defendant Hagler

H. William Reising, Attorney for County of Genesee and its employees

*Exhibit 1*

D. Randall Gilmer, Attorney for Officer Wolosuk

# EX 2

`

*THOMPSON, et al. VS. CITY OF FLINT, et al.*

## TERMS OF EQUITABLE RELIEF

As part of resolving Case No. 07-11107, filed in United States District Court for the Eastern District of Michigan, Southern Division, known as *Thompson, et al. v. City of Flint, et al.*, Defendant City of Flint and Plaintiffs enter into the following agreement concerning enforcement of Flint City Ordinance § 31-11, strip searches, and body cavity searches. This agreement does not constitute an admission of liability or wrongdoing on the part of any Defendant named in this lawsuit, nor should it be read to imply that City of Flint's existing policies, procedures, or training are inadequate or improper. The parties have already agreed to monetary terms of settlement, and the sole purpose of this agreement is to resolve completely the pending case.

1.  <u>Frequenting a Disorderly House (Flint City Ordinance § 31-11)</u>. City of Flint agrees that Flint City Ordinance § 31-11 requires law enforcement officers to make an individualized finding of probable cause as to each person subject to arrest. Accordingly, City of Flint agrees that its law enforcement officers will be trained not to search, cite, or arrest any person for "attend[ing] or frequent[ing] a disorderly house, room, or place" unless there is particularized probable cause to believe that the specific individual has knowledge of unlawful conduct taking place at that location and knowingly acquiesced in the unlawful conduct at that location. A person shall not be subject to search, citation or arrest merely by virtue of being present at a location where unlawful conduct occurs or being near other individuals who are independently suspected of criminal activity.

2.  <u>Strip Searches</u>. City of Flint agrees to comply with M.C.L. § 764.25a.

    a.  City of Flint agrees that "reasonable cause" as required by M.C.L. § 764.25a(2)(a) shall be particularized with respect to the person being strip-searched. A person's mere presence at a location where other people are suspected of engaging in unlawful conduct shall not, by itself, give rise to reasonable cause to strip-search that person without some evidence that the person is concealing evidence of a crime.

    b.  City of Flint agrees that prior written authorization to an officer requesting to perform a strip search ("requesting officer") is valid only if:

1

(i) The Chief of Police agrees that the person is concealing a weapon, controlled substance or evidence of a crime and provides the authorization to the requesting officer for the specific event underlying the reason for the strip-search; or

(ii) The Chief of Police provides written authorization to approve strip searches to a supervisor and:

(A) the requesting officer informs the supervisor of the basis for the actual or anticipated reasonable cause to strip-search;

(B) the supervisor agrees that reasonable cause to strip-search exists;

(C) the supervisor authorizes the strip search; and

(D) the requesting officer records --

• the name of the supervisor that s/he approached for permission to conduct a strip-search

• the date and time when s/he approached the supervisor

c.   City of Flint agrees to prepare written reports as required by M.C.L. § 764.25a(4). The report shall include all information enumerated in M.C.L. § 764.25a(4).

d.   In the event Plaintiffs or their attorneys make a written request for copies of strip-search reports:

(i) City of Flint agrees to process the request in accordance with the disclosure requirements set forth in the Michigan Freedom of Information Act (FOIA), M.C.L. §15.231 *et. seq.*; and to waive the fees associated with processing any requests submitted within one year of the Court's final order approving this agreement.

(ii) Plaintiffs agree that, before receiving any documents responsive to a request submitted more than one year after the Court's final order approving this agreement, they will pay all associated costs to the City of Flint, in accordance with its FOIA fee schedule. Plaintiffs further agree to reference this agreement in any request for documents submitted to the City of Flint.

3.   <u>Body Cavity Searches.</u> City of Flint agrees to comply with M.C.L. § 764.25b.

4.   <u>Internal Policies.</u> City of Flint agrees to promulgate written internal policies reflecting the terms agreed to in paragraphs 1-3 of this agreement and make those policies known to all City of Flint law enforcement officers whose job assignments make it reasonably likely that they will enforce Flint City Ordinance § 31-11 or conduct a strip search or body cavity search.

5.   <u>Training.</u> City of Flint agrees to develop and implement a training curriculum to ensure that its law enforcement officers are familiar with the policies described above in the following manner:

> (a) All individual City of Flint police officers named as defendants in this action who are still employed by the City of Flint shall be trained under the curriculum no later than 120 days after the Court enters a final order approving this agreement.

> (b) All City of Flint law enforcement officers whose job assignments make it likely that they will enforce Flint City Ordinance § 31-11 or conduct a strip search, shall be trained under the curriculum no later than 240 days after the Court enters a final order approving this agreement. This Section is not intended to impact law enforcement officers who, either by emergency, necessity, or other extraordinary facts or circumstances, may incidentally be called upon to perform a strip-search.

> (c) City of Flint shall notify the Court in writing, and provide Counsel for Plaintiffs with a copy of the written notice, when the training described above is complete. There shall be no further continuing obligation to report to Counsel for Plaintiffs.

> (d) After the training described above is complete, no City of Flint law enforcement officer shall begin a new job function or assignment which makes it likely that they will enforce Flint City Ordinance § 31-11 or conduct a strip search , without receiving the training outlined above. This Section is not intended to impact law enforcement officers who, either by emergency, necessity, or other extraordinary facts or circumstances, may incidentally be called upon to perform a strip-search.

6.   <u>Jurisdiction.</u> Plaintiffs and City of Flint stipulate that the Court, as a condition of its final order approving this agreement pursuant to Federal Rule of Civil

Procedure 23(e), and as a condition of its final order of dismissal, shall expressly retain jurisdiction to enforce its terms.

_____

Michael L. Pitt
Pitt McGehee Palmer Rivers & Golden, PC
ACLU of Michigan Cooperating Attorney
Attorney for Plaintiffs

_____
10/21/09
Date

_____

Daniel A. Klemptner
Johnson Rosati Labarge Aseltyne & Field
Attorney for Defendant City of Flint and
Gary Hagler

_____
10/21/2009
Date

4

EX 3

## SETTLEMENT AGREEMENT AND RELEASE

For the Consideration of $_____, the "*Equitable Relief Agreement in Thompson et al v City of Flint et al, Case Number 07-cv-11107*" attached as Exhibit 2 to the Settlement Agreement, which (including all exhibits) is hereby incorporated by reference, and Defendants' agreement to allow Plaintiffs to certify a class for purposes of distributing the proceeds of the settlement agreement, the receipt and sufficiency whereof is hereby acknowledged; I, the undersigned, on behalf of myself, agents, family members, friends, partners, associates, attorneys, heirs and assigns (hereinafter "I," "me," or "the undersigned") hereby release and forever discharge the City of Flint, a Municipal Corporation, and Gary Hagler, their elected officials, agents, attorneys, officers, employees, servants, insurers, representatives, trustees, board members, divisions, departments, courts, related municipalities or authorities or successor municipalities or authorities, heirs, successors or assigns (hereinafter referred to as "Defendant" or "Defendants") by whom any liability is expressly denied. This Release and Settlement Agreement is entered into solely to avoid further expenses of litigation.

Each Defendant expressly denies any liability to the undersigned, and I agree to release each Defendant from any and all claims, demands, damages, actions, causes of action, suits, or injuries of any kind or nature whatsoever, known or unknown, to person, property, or otherwise, which have resulted or may in the future arise out of a drug raid by the Flint Police Department on the Club What's Next establishment in Flint, Michigan, which occurred in March 2005, including but not limited to those damages alleged in the lawsuit entitled *Jennifer Thompson et. al. v. City of Flint et, al*, pending before The Honorable Stephen Murphy, in the United States District Court for the Eastern District of Michigan, Case No. 2:07-cv-11107 ("lawsuit").

I agree to dismiss my lawsuit and to execute all documentation necessary to cause the lawsuit to be dismissed. I agree to indemnify and hold harmless Defendants from any tax repercussions for failing to withhold taxes from the settlement check. The claims in the lawsuit that could have been or were brought by me shall be immediately dismissed, with prejudice and without payment of costs or attorneys' fees. I hereby authorize my attorneys, Pitt McGehee Palmer Rivers & Golden PC, to execute a Stipulation for such a dismissal with prejudice of this lawsuit. I also hereby acknowledge that while a Release is required to be signed by each individual entitled to settlement proceeds before that individual obtains funds from the settlement, this Release is binding on me regardless of whether those other individuals actually sign their corresponding Release(s).

I hereby declare that I have completely read the terms of this Settlement and Release in this lawsuit and that I fully understand and voluntarily accept for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages described above, and for the express purpose of precluding forever any further or additional claims arising out of the drug raid and lawsuit.


Dated: _____          _____

                                                 (Sign)


                                                 _____

                                                 (Print)

STATE OF _____

COUNTY OF _____

On this _____ day of _____, 200___, before me, personally appeared the above-named _____, and made oath that s/he has carefully read and signed the foregoing and knows the contents thereof and that the same is true to the best of his/her knowledge, except those matters which are herein stated to be on information and belief, and as to those matters s/he believes them to be true.

_____, Notary Public
_____ County, _____
Acting in the County of _____
My Commission Expires: _____

## RELEASE OF ALL CLAIMS

I, _____, in exchange for full, fair, and valuable consideration more fully set forth in the Settlement Agreement entered into between my counsel, Pitt McGehee Palmer Rivers & Golden PC, and counsel for Defendant, MICHAEL WOLOSUK, on _____, 2009, which is explicitly incorporated herein, and attached hereto as Exhibit 1, hereby voluntarily enters into this Release Of All Claims ("Release").

This Release and the incorporated Settlement Agreement shall not be construed to be an admission of any obligation or liability by the Defendant, MICHAEL WOLOSUK, or his employer, non-party MT. MORRIS TOWNSHIP (collectively referred to as "Defendant" herein and as "Mt. Morris Township/Wolosuk" in the Settlement Agreement), their agents, attorneys, officers, employees, servants, insurers, representatives, trustees, board members, divisions, departments, courts, related municipalities or authorities or successor municipalities or authorities, heirs, successors or assigns (hereinafter "Defendant"), by whom any liability is expressly denied. This Release and Settlement Agreement is entered into solely to avoid further expenses of litigation.

IN CONSIDERATION OF FULL, FAIR, AND VALUABLE CONSIDERATION, the receipt and adequacy of which is hereby acknowledged, I, the undersigned, on behalf of myself, agents, family members, friends, partners, associates, attorneys, heirs and assigns (hereinafter "I," "me," or "UNDERSIGNED"), hereby fully and forever releases, acquits, and discharges Defendant of and from any and all claims, grievances, demands, actions and causes of action UNDERSIGNED asserted or could have asserted, of every kind, nature and description, and whether founded in fact or in law that UNDERSIGNED had or may have had by reason of any matter, cause, act or omission whatsoever, including, but not limited to United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107, entitled *Jennifer Thompson et al. v. City of Flint et al.,* and any claim arising out of or in connection with the Michigan Elliott-Larsen Civil Rights Act, 42 U.S.C. § 1983 violations or any and all additional tort, statutory, common law or constitutional violations, as well as any claim for costs or for attorneys' fees (including those allowable under 42 § U.S.C. 1988) and all other claims.

The claims in the civil action that could have been or were brought by the UNDERSIGNED in United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107 shall be forthwith dismissed, with prejudice and without payment of costs or attorneys' fees, including attorneys' fees that may have been available under any statute (including those allowable under 42 § U.S.C. 1988), court rule or regulation, to any party other than the payment described more fully in the incorporated Settlement Agreement. I hereby authorize my attorneys, Pitt McGehee Palmer Rivers & Golden PC, to execute a Stipulation for such a dismissal with prejudice of said action. I also hereby acknowledge that while this Release is required to be signed by each individual entitled to Settlement Proceeds before that individual obtains funds from the Settlement Proceeds, this Release is binding on me regardless of whether the other individuals required to sign this Release actually sign the Release.

IT IS FURTHER UNDERSTOOD AND AGREED by the UNDERSIGNED that this Release and incorporated Settlement Agreement is a compromise of a disputed claim and that the payment is not to be construed as an admission of liability by the party or parties released. To

the contrary, the released party or parties maintain that all their actions relating to this claim were proper, prudent, and lawful, and the sole purpose of this settlement is to resolve a disputed claim.

IT IS FURTHER UNDERSTOOD AND AGREED by the UNDERSIGNED that this is not only a full and final release of all known and anticipated damages and injuries, but also of all unknown and unanticipated damages, arising out of United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107, including all consequences thereof, which could have been asserted in this case.

IT IS FURTHER UNDERSTOOD AND AGREED that Defendant has fully satisfied his obligations under this Release and Settlement Agreement by providing draft number _____ to the law firm of Pitt McGehee Palmer Rivers, & Golden PC in the amount of FIVE THOUSAND DOLLARS ("$5,000.00) ("Settlement Proceeds"). The UNDERSIGNED understands that neither Defendant nor Defendant's counsel has any role in determining the precise amount of the Settlement Proceeds the UNDERSIGNED is entitled to, and acknowledges that no action of any kind can be brought against Defendant arising out the distribution of the Settlement Proceeds.

IT IS FURTHER UNDERSTOOD AND AGREED that this Release, and the incorporated Settlement Agreement, contains the entire agreement between Defendant and the UNDERSIGNED, and the terms of this Release and Settlement Agreement are contractual and not a mere recital. If for any reason the Settlement Agreement is not attached to this Release, it is merely a clerical error and in no way shall be construed as the Settlement Agreement not being incorporated herein, as the Settlement Agreement is specifically adopted herein regardless of whether it is attached to this Release.

IT IS FURTHER UNDERSTOOD AND AGREED that the UNDERSIGNED has carefully read the foregoing Release, knows and understands the contents of this Release, agrees that the terms contained herein are fair, reasonable, and in the UNDERSIGNED's best interest, and that the UNDERSIGNED has voluntarily and freely signed and executed this Release.

Signed, sealed, and delivered the _____ day of _____, 2009.


Witness: _____      _____

Signed and sworn to before me              UNDERSIGNED
on this _____ day of _____, 2009.


_____
Notary Public

2 of 2

## RELEASE OF ALL CLAIMS

I, _____, in exchange for full, fair, and valuable consideration more fully set forth in the Settlement Agreement entered into between my counsel, Pitt McGehee Palmer Rivers & Golden PC, and counsel for the Genesee County Defendants on _____, 2009, which is explicitly incorporated herein, and attached hereto as Exhibit 1, hereby voluntarily enters into this Release Of All Claims ("Release").

This Release and the incorporated Settlement Agreement shall not be construed to be an admission of any obligation or liability by the Genesee County Defendants, more specifically identified as Genesee County, Sheriff Robert J. Pickell, and Deputies Jeff Antcliff, Dean Curtis, Sandy Dunlap, David Dwyre, David MacDonald, Gerald Parks, Tom Pyles, Kevin Shanlian, Russ Sorenson, Chris Swanson, Mike Tocarchick and Jerry Willhelm, (collectively referred to as Genesee County Defendants herein in the Settlement Agreement) or their agents, attorneys, officers, employees, servants, insurers, representatives, trustees, board members, divisions, departments, courts, related municipalities or authorities or successor municipalities or authorities, heirs or successors, by whom any liability is expressly denied. This Release and Settlement Agreement is entered into solely to avoid further expenses of litigation.

IN CONSIDERATION OF FULL, FAIR, AND VALUABLE CONSIDERATION, the receipt and adequacy of which is hereby acknowledged, I, the undersigned, on behalf of myself, agents, family members, friends, partners, associates, attorneys, heirs and assigns (hereinafter "I," "me," or "UNDERSIGNED"), hereby fully and forever releases, acquits, and discharges the Genesee County Defendants of and from any and all claims, grievances, demands, actions and causes of action UNDERSIGNED asserted or could have asserted, of every kind, nature and description, and whether founded in fact or in law that UNDERSIGNED had or may have had by reason of any matter, cause, act or omission whatsoever, including, but not limited to United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107, entitled *Jennifer Thompson et al. v. City of Flint et al.,* and any claim arising out of or in connection with the Michigan Elliott-Larsen Civil Rights Act, 42 U.S.C. § 1983 violations or any and all additional tort, statutory, common law or constitutional violations, as well as any claim for costs or for attorneys' fees (including those allowable under 42 § U.S.C. 1988) and all other claims.

The claims in the civil action that could have been or were brought by the UNDERSIGNED in United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107 shall be forthwith dismissed, with prejudice and without payment of costs or attorneys' fees, including attorneys' fees that may have been available under any statute (including those allowable under 42 § U.S.C. 1988), court rule or regulation, to any party other than the payment described more fully in the incorporated Settlement Agreement. I hereby authorize my attorneys, Pitt McGehee Palmer Rivers & Golden PC, to execute a Stipulation for such a dismissal with prejudice of said action. I also hereby acknowledge that while this Release is required to be signed by each individual entitled to Settlement Proceeds before that individual obtains funds from the Settlement Proceeds, this Release is binding on me regardless of whether the other individuals required to sign this Release actually sign the Release.

IT IS FURTHER UNDERSTOOD AND AGREED by the UNDERSIGNED that this Release and incorporated Settlement Agreement is a compromise of a disputed claim and that the payment is not to be construed as an admission of liability by the party or parties released. To

the contrary, the released party or parties maintain that all their actions relating to this claim were proper, prudent, and lawful, and the sole purpose of this settlement is to resolve a disputed claim.

IT IS FURTHER UNDERSTOOD AND AGREED by the UNDERSIGNED that this is not only a full and final release of all known and anticipated damages and injuries, but also of all unknown and unanticipated damages, arising out of United States District Court Case for the Eastern District of Michigan, Case No. 4:07-cv-11107, including all consequences thereof, which could have been asserted in this case.

IT IS FURTHER UNDERSTOOD AND AGREED that the Genesee County Defendants have fully satisfied their obligations under this Release and Settlement Agreement by providing a settlement check/draft to the law firm of Pitt McGehee Palmer Rivers, & Golden PC in the amount of NINETY FIVE THOUSAND DOLLARS ("$95,000.00) ("Settlement Proceeds"). The UNDERSIGNED understands that neither the Genesee County Defendants nor their counsel has any role in determining the precise amount of the Settlement Proceeds the UNDERSIGNED is entitled to, and that no action of any kind may be brought against the Genesee County Defendants arising out the distribution of the Settlement Proceeds.

IT IS FURTHER UNDERSTOOD AND AGREED that this Release, and the incorporated Settlement Agreement, contains the entire agreement between the Genesee County Defendants and the UNDERSIGNED, and the terms of this Release and Settlement Agreement are contractual and not a mere recital. If for any reason the Settlement Agreement is not attached to this Release, it is merely a clerical error and in no way shall be construed as the Settlement Agreement not being incorporated herein, as the Settlement Agreement is specifically adopted herein regardless of whether it is attached to this Release.

IT IS FURTHER UNDERSTOOD AND AGREED that the UNDERSIGNED has carefully read the foregoing Release, knows and understands the contents of this Release, agrees that the terms contained herein are fair, reasonable, and in the UNDERSIGNED's best interest, and that the UNDERSIGNED has voluntarily and freely signed and executed this Release.

Signed, sealed, and delivered the _____ day of _____, 2009.


Witness: _____            _____

                                            UNDERSIGNED


Signed and sworn to before me
on this _____ day of _____, 2009,


_____
Notary Public

Branches.08002.71095.1836461-1

## SETTLEMENT AGREEMENT AND RELEASE

For the Sole Consideration of $_____, as well as certain equitable remedies that have been agreed to by the City of Flint, and defendants' agreement to allow plaintiffs to certify a class for purposes of distributing the proceeds of the settlement agreement, the receipt and sufficiency whereof is hereby acknowledged, I hereby release and forever discharge Michael Beaver, Richard Besson, Colin Birnie, Mark Blough, Renae Burnett, Alfino Donastorg, Al Fowlkes, Bobby Fowlkes, Gary Hagler, Joseph Hall, Cynthia Herfert, Myra Handley, Leteia Hughley, Joseph Lechota, Vennette Lott, Marcus Mahan, Patrick Majestic, William Meyer, Candace Miles, Arnold Patrick, Harold Payer, Phillip Smith, Wayne Suttles, Sondra Taylor, Dominic Teft, Michael Vance, Rogelio Villarreal, Scott Watson, Terrell Weston (hereinafter as "Defendant Flint Police Officers"), all of whom expressly deny any liability to the undersigned, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from a drug raid by the Flint Police Department on the Club What's Next establishment in Flint, Michigan, which occurred in March 2005, including but not limited to those damages alleged in the lawsuit entitled Jennifer Thompson v City of Flint, pending before Judge Stephen Murphy, in the United States District Court for the Eastern District of Michigan, Case No. 2:07-cv-11107.

I agree to dismiss my lawsuit and to execute all paperwork necessary to cause the lawsuit to be dismissed. I agree to indemnify and hold harmless Defendant Flint Police Officers from any tax repercussions for failing to withhold taxes from the settlement check. I understand that the settlement is being paid by the City of Flint and its insurer and not by

the Defendant Flint Police Officers personally, and I understand that the Defendant Flint Police Officers have no responsibility to pay any part of this settlement. Therefore, in the even that the City or its Insurer fails, refuses, or delays paying the settlement, I understand that my remedy against the Defendant Flint Police Officers is limited to reinstatement of my claims and will not allow me to sue the Defendant Flint Police Officers to compel them to pay the settlement.

I hereby declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforementioned drug raid.

Dated: _____

_____
(Sign)

_____
(Print)

STATE OF _____
COUNTY OF _____

On this _____ day of _____, 200___, before me, personally appeared the above-named _____, and made oath that s/he has carefully read and signed the foregoing and knows the contents thereof and that the same is true to the best of his/her knowledge, except those matters which are herein stated to be on information and belief, and as to those matters s/he believes them to be true.

_____, Notary Public
_____ County, _____
Acting in the County of _____
My Commission Expires: _____

EX 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Jennifer Thompson, et al.,

        Plaintiff(s),

                           Case No. 2:07-cv-11107-SJM-RSW
v.                         Hon. Stephen J. Murphy III

City of Flint, et al.,

        Defendant(s).
_____/

## STIPULATION FOR ORDER OF DISMISSAL WITH PREJUDICE

The parties by their respective counsel stipulate for the entry of an order of

dismissal with prejudice.    The Court retains jurisdiction to enforce the Settlement

Agreement dated _____ and the Terms of Equitable Relief dated October 21, 2009.

        SO ORDERED.


Dated: _____        _____

                             Stephen J. Murphy III
                             United States District Judge

Stipulated to by:

By: _____    By: _____
    Michael L. Pitt (P24428)                  Michael J. Steinberg (P43085)
    Peggy Goldberg Pitt (P31407)              Kary L. Moss (P43759)
    Maureen M. Crane (P58904)                 Daniel S. Korobkin
Pitt McGehee Palmer Rivers & Golden           American Civil Liberties Union Fund of Mich
Cooperating Attorneys, ACLU Fund of Mich.     Attorneys for Plaintiffs
117 West Fourth Street, Suite 200             60 West Hancock Street
Royal Oak, MI 48067                           Detroit, MI  48221
(248) 398-9800                                (313) 578-6814


By: _____    By: _____
    Elizabeth L. Jacobs (P24245)              Kenneth M. Mogill (P17865)
Cooperating Attorney, ACLU Fund of Mich       Mogill, Posner & Cohen
615 Griswold Street, Suite 1125               Cooperating Attorneys, ACLU Fund of Mich
Detroit, MI 4822627                           E. Flint Street, Fl. 2
(313) 962-4090                                Lake Orion, MI 48362
                                              (248) 814-9470


By: _____    By: _____
    Gregory T. Gibbs (P26440)                 Lauri R. Ellias (P31399)
    Jeanmarie Miller (P44446)                 Lauri Ellias PC
Law Office of Gregory T. Gibbs                Cooperating Attorney, ACLU Fund of Mich
Cooperating Attorneys, ACLU Fund of Mich      25899 W 12 Mile Rd Ste 140
717 S. Grand Traverse Street                  Southfield, MI  48034
Flint, MI 48502                               (248) 356-9700
(810) 239-9470


By: _____    By: _____
    H. William Reising (P19343)               Michael W. Edmunds (P55748)
Plunkett & Cooney, P.C.                       William J. Brickley (P36716)
Attorneys for Defendants: Genesee County and  Garan Lucow Miller, P.C.
Genesee County Deputies                       Attorneys for Defendant Flint police officers
111 E. Court Street, Suite 1B                 8332 Office Park Drive
Flint, MI 48502                               Grand Blanc, MI 48439
(810) 342-7001                                (810) 695-3700


By:_____     By: _____
Daniel A. Klemptner (P68691)               D. Randall Gilmer (P62407)
Johnson Rosati Labarge Aseltyne & Field    Kupelian Ormond & Magy, P.C.
Attorneys for City of Flint and Gary Hagler Attorney for Defendant Michael Wolosuk
34405 W 12 Mile Rd., Suite 200             25800 Northwestern Highway, Suite 950
Farmington Hills, MI  48331                Southfield, MI 48075
(248) 489-4100                             (248) 357-0000


Dated: _____, 2009